b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAMEEDH AL AZZAWI,

        Plaintiff,

    v.

DEPARTMENT OF THE ARMY, et al.,

        Defendants.

No.  2:15-cv-1138 GEB CKD PS

FINDINGS AND RECOMMENDATIONS

Defendants' motion to dismiss came on regularly for hearing on January 20, 2016. Plaintiff Wameedh Al Azzawi appeared in propria persona.  Chi Soo Kim appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims under the Freedom of Information Act ("FOIA"). Plaintiff alleges that he requested documents from various government agencies and that documents were not timely produced.  Plaintiff seeks damages for the allegedly unlawful conduct.

Defendants move to dismiss for lack of subject matter jurisdiction.   Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of

1

1  the complaint or may be made as a 'speaking motion' attacking the existence of subject matter

2  jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th

3  Cir. 1979).

4       When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact,

5  no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594

6  F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any

7  evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

8  jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule

9  12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

10  of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

11       Defendants contend that this court lacks subject matter jurisdiction because plaintiff failed

12  to exhaust his administrative remedies. This contention is well taken. In opposition to the motion

13  to dismiss, plaintiff only argues that the government did not timely respond to his FOIA request,

14  that FOIA exemption 4 does not apply, and that the government covered up wrongdoing by

15  Kellogg Brown and Root ("KBR") (for which plaintiff's company provided subcontractor

16  services).

17       Plaintiff first contacted the governmental agencies from whom he sought documents in

18  December 2014 and January 2015.[1] Plaintiff subsequently submitted FOIA requests to the Army

19  Contracting Command ("ACC") and the Defense Finance and Accounting Service ("DFAS").

20  Plaintiff sought documents regarding a contract for a New Vehicle Maintenance Facility between

21  the Defense Contract Management Agency and KBR. A response by DFAS and production of

22  documents was provided to plaintiff on March 6, 2015. A response and production of documents

23  on behalf of the ACC and the Department of the Army Inspector General ("DAIG") was provided

24  to plaintiff on March 4, 2015. Both responses included clear instructions on how to

25  administratively appeal. No administrative appeal was filed by plaintiff.

26

27  [1] Defendants contend these communications were not proper FOIA requests but this fact is
    irrelevant to resolution of the issue of exhaustion of administrative remedies.

28

1  Administrative exhaustion of FOIA claims is a jurisdictional requirement.  See United

2  States v. Steele, 799 F.2d 461, 466 (9th Cir. 1986).  With respect to both of plaintiff's FOIA

3  requests, plaintiff was advised of his right to appeal and provided clear instructions on how to do

4  so and further advised that such appeal must be postmarked within 60 days from the date of the

5  agency's response.  ECF No. 17-2 at p. 5; ECF No. 17-3 at p. 6.  Plaintiff presents no evidence

6  that he exhausted his administrative remedies and presents no argument on this issue.  The

7  incomplete strings of emails and incomplete correspondence submitted by plaintiff in opposition

8  do not constitute an appeal.[2]  At the hearing on this matter, plaintiff conceded that he has not filed

9  any administrative appeal.  The motion to dismiss should therefore be granted.[3]

10  Accordingly, IT IS HEREBY RECOMMENDED that:

11  1.  Defendants' motion to dismiss (ECF No. 17) be granted; and

12  2.  This action be closed.

13  These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18

19  [2]  To the extent plaintiff argues that the government's FOIA responses were untimely, exhaustion
of administrative remedies is still required where, as here, the government responded to the FOIA

20  requests prior to the filing of the instant complaint.  See Oglesby v. U.S. Dep't of Army, 920 F.2d
57, 63 (D.C. Cir. 1990).

21

22  [3] Defendants present other arguments which are equally well taken, but need not be addressed
because this court lacks subject matter jurisdiction.  Defendants correctly contend that FOIA does

23  not provide for damages or for a jury trial and that those demands in the complaint should be
dismissed.  5 U.S.C. § 552(a)(4)(B); see Hajro v. U.S. Citizenship & Immigration Servs., --- F.3d

24  ----, 2015 WL 6405473, at *8 (9th Cir. Oct. 23, 2015) (FOIA's waiver of sovereign immunity
limited to injunctive relief); see also Cornucopia Institute v. USDA, 560 F.3d 673, 675 n.1 (7th

25  Cir. 2009) (plaintiffs not entitled to monetary damages for violations of FOIA because only
injunctive relief authorized);  5 U.S.C. § 552 (no right to jury trial provided under FOIA).

26  Defendants also correctly contend that the only properly named defendants in this FOIA action
are the Army and DFAS and that the remaining defendants should be dismissed.  5 U.S.C. §§

27  552(a)(4)(B), 552(f)(1); see Drake v. Obama, 664 F.3d 774, 786 (9th Cir. 2011).

28

3

1   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

2   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  January 21, 2016

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7   4 azzawi1138.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28